Rabin Nabizadeh (SBN #235978)
SUMMIT DEFENSE, APC
1970 Broadway, Ste 1145,
Oakland, CA 94612-2210
TEL: (510) 735-6544
Fax: (510) 735-6544
Email: rabin@summitdefense.com

Jonathan C. Do, Esq. (SBN 184020)
FUSION LAW, APC
1150 Murphy Avenue, Suite 240
San Jose, CA  95131
Tel: (408)287-4444
Email:  jonathando@comcast.net
Specially Appearing for Defendant John Doe

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORIA

| STRIKE 3 HOLDINGS, LLC, | ) | Case No.: 3:19-CV-00723-JCS |
|---|---|---|
| Plaintiff, | ) ) ) | DEFENDANT JOHN DOE'S MOTION TO QUASH SUBPOENA TO AT&T |
| vs. | ) ) | |
| JOHN DOE, subscriber assigned IP address 107.208.9.165 | ) ) ) ) | Hearing Date:  7/12/2019 Time:  9:30am Dept:  Courtroom G |
| Defendant | ) ) ) ) | |

**PLEASE TAKE NOTICE** that on July 12, 2019, at 9:30 AM, in Courtroom G of the above-stated Court, located at 450 Golden Gate Avenue, San Francisco, CA  94012, defendant JOHN DOE, subscriber assigned IP address 107.208.9.106 will specially appear to quash service of the third party subpoena issued to AT&T.

The motion will be based on this Notice of Motion, on the Memorandum of Points and Authorities served and filed herewith, on the attached Declarations, on the papers and records on

1

file in the above-entitled action, and on such other and further authorities as presented at the hearing on this motion.

DATED: 5/27/2019

_____

Jonathan C. Do, Esq.
Attorney for Defendant

Rabin Nabizadeh (SBN #235978)
SUMMIT DEFENSE, APC
1970 Broadway, Ste 1145,
Oakland, CA 94612-2210
TEL: (510) 735-6544
Fax: (510) 735-6544
Email: rabin@summitdefense.com

Jonathan C. Do, Esq. (SBN 184020)
FUSION LAW, APC
1150 Murphy Avenue, Suite 240
San Jose, CA  95131
Tel: (408)287-4444
Email:  jonathando@comcast.net
Specially Appearing for Defendant John Doe

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>            Plaintiff,<br>     vs.<br><br>JOHN DOE, subscriber assigned IP address 107.208.9.165<br><br>            Defendant | Case No.: 3:19-CV-00723-JCS<br><br>DEFENDANT JOHN DOE'S MOTION TO QUASH SUBPOENA TO AT&T<br><br>Hearing Date:  7/12/2019<br>Time:  9:30am<br>Dept:  Courtroom G |

On or about March 11, 2019, this Court granted Plaintiff Strike 3 Holdings' *ex parte* Application for leave to serve a third party subpoena on AT&T, Inc. prior to a Rule 26(f) conference to obtain the identity of defendant John Doe, subscriber assigned IP address 107.208.9.106 (the "Doe defendant"). The Doe defendant now moves for an order to quash the third party subpoena to AT&T because the right of privacy outweighs Plaintiff's ungrounded fishing expedition.

1

## LEGAL DISCUSSION

I.  Because Strike 3 Holdings Will Not Be Able to Identify the Actual Infringer Through The Third Party Subpoena, The Invasion of Privacy Of Many Innocent Victims Outweighs Plaintiff's Fishing Expedition.

Plaintiff filed a Complaint for copyright infringement against defendant John Doe, at subscriber assigned IP address 107.208.9.106. The Complaint alleges that an unidentified person at IP address 107.208.9.106 downloaded pornography movies owned by the Plaintiff.  In essence, Plaintiff's sole aim is to go after the person who is responsible for paying the internet provider for the alleged infringing activity.  The internet service provider has no knowledge of the identity of the person who was the actual infringer.  AT&T only can provide the name of the person who was responsible for paying the bill at the time of the infringing activity.

This method of serving third party subpoena on internet provider to obtain the identify the infringer clearly is flawed.  The SFGate article "Lawsuit says grandma illegally downloaded porn" illustrates this flawed method of casting an indiscriminate net to drag innocent persons into a false and degrading spot light to enhance the settlement value of Plaintiff's case.  The false light is extremely offensive and would cause the innocent victim to be shunned and disgraced by her peers in the community.  In July 2011, an old widow in her 70s was sued in a lawsuit similar to this alleging that she downloaded pornography.  She didn't know anything about wireless routers and IP addresses and did not use password to prevent neighbors from leeching internet access from her unsecured wireless router.  Her response to the lawsuit was that she'll go to trial without an attorney if necessary and "throw herself on the mercy of the court."  (See Defendant RJN, Exh A).

Plaintiff has adopted an abusive litigation strategy and flooded the court system with thousands of identical complaints suing Doe defendants without a remote possibility of

2

identifying the actual infringer. As one court has noted:

> Simply put, inferring the person who pays the cable bill illegally downloaded a specific file is even less trustworthy than inferring they watched a specific TV show. But in many cases, the method is enough to force the Internet service provider (ISP) to unmask the IP address's subscriber. And once the ISP outs the subscriber, permitting them to be served as the defendant, any future Google search of their name will turn-up associations with the websites Vixen, Blacked, Tushy, and Blacked Raw. The first two are awkward enough, but the latter two cater to even more singular tastes.
>
> Little wonder so many defendants settle. Indeed, the copyright troll's success rate comes not from the Copyright Act, but from the law of large numbers.
>
> (Strike 3 Holdings, LLC v Doe, Case No.: 18-1425 (District of Columbia November 16, 2018), Defendant RJN, Exh B).

Other courts have expressed similar concerns that association of an IP add5ress with a customer is not sufficient to state a claim for infringement. (See, e.g., Patrick Collins, Inc. v. Doe 1, 288 F.R.D. 233, 237-39 (E.D.N.Y. 2012) (noting many courts' "skepticism of the use of IP addresses to identify file sharing defendants in cases involving pornographic films," adopting a magistrate judge's finding that "an IP address alone is insufficient to establish 'a reasonable likelihood [that] it will lead to the identity of defendants who could be sued,'" and observing that "[d]ue to the prevalence of wireless routers, the actual device that performed the allegedly infringing activity could have been owned by a relative or guest of the account owner, or even an interloper without the knowledge of the owner."). See also , e.g., Digital Sin, Inc. v. Does 1-176, 279 F.R.D. 239, 242 (S.D.N.Y. 2012) ("The Court is concerned about the possibility that many of the names and addresses produced in response to Plaintiff's discovery request will not in fact be those of the individuals who downloaded [the copyrighted material]. The risk is not purely speculative; Plaintiff's counsel estimated that 30% of the names turned over by ISPs are not those of individuals who actually downloaded or shared copyrighted material. Counsel stated that the true offender is often the 'teenaged son . . . or the boyfriend if it's a lady.'"); See also K-Beech, Inc. v. Does 1-85, No. 3:11cv469-JAG, at 4 (E.D. Va. Oct. 5, 2011), ECF No. 9

3

("Some defendants have indicated that the plaintiff has contacted them directly with harassing telephone calls, demanding $2,900 in compensation to end the litigation. . . . This course of conduct indicates that the plaintiffs have used the offices of the Court as an inexpensive means to gain the Doe defendants' personal information and coerce payment from them. The plaintiffs seemingly have no interest in actually litigating the cases, but rather simply have used the Court and its subpoena powers to obtain sufficient information to shake down the John Does.").

In a recent identical case filed by Strike 3 Holdings, a court in the Southern District of California denied the *ex parte* Application for leave to serve third party subpoena on AT&T.

> "Based on the record before the court, plaintiff has not satisfied its burden to make a *prima facie* showing that the complaint is likely to survive a motion to dismiss for lack of personal jurisdiction and/or improper venue,"

The court gave three reasons for denying Strike 3 Holdings' *ex parte* Application:

> "First, the complaint alleges that geolocation technology was used to trace the IP address to a location in this district. Second, the complaint alleges that the defendant resides here based on the results of geolocation technology. Third, the complaint asserts that a substantial part of the alleged copyright infringement occurred in this district.

> "However, plaintiff did not submit evidence to support these allegations. As a result, this court cannot conclude the plaintiff met its burden of making a *prima facie* showing that the complaint would be able to survive a motion to dismiss for lack of personal jurisdiction and or improper venue. Without supporting evidence indicating the offending IP address was located in this District during the relevant time period, the court finds that it would not be appropriate to permit plaintiff to serve AT&T and or AT&T UVerse with a Rule 45 subpoena,"

(See Strike 3 Holdings, LLC vs Doe, Case No.: 18cv1355-JLS(KSC), SD Cal, March 21, 2019, RJN, Exh C).

Forcing the internet provider to unmask or provide the identity of the person paying the cable bill in many cases does not reveal who is the infringer.  As the court in Strike 3 Holdings, LLC v Doe, Case No.: 18-1425, *supra*, has observed:  "Strike 3's requested subpoena thus will not - and may never - identify a defendant who could be sued.".  To correctly identify the actual infringer, Strike 3 Holdings would need to identify all users of the assigned IP address,

4

physically search and examine physical evidence (i.e. all computers, labtops, smartphones, tablets, remote hard drives, and usb sticks) of an anyone in the house, as well as any neighbor, friends, or houseguest who had access to the internet at a particular time when the downloading took place.

To support Strike 3's abusive litigation strategy would result in the indiscriminate invasion of privacy of many innocent victims. "The risks of a false accusation are real; the consequences are hard to overstate and harder to undo" when the innocent victims not only would have to defend themselves in court, but against his/her spouse, boss, friends, and people in the community. Based on these reasons, the court in Strike 3 Holdings, LLC v Doe, Case No.: 18-1425, *supra*, ruled that the subpoena failed to meet the required speficity and does not overcome defendant's privacy expectation.

## II.   Strike 3 Holdings Fails To Properly Identify the Copyright Materials Being Infringed.

The Complaint alleges that the Doe defendant engaging in infringing activity by downloading pornography through a number of websites. However, providing names of various websites in sufficient. Plaintiff should be required to identify, with speficity, the exact name and title of the copyright work, the registration of the copyright material, including the registration number, with the United States Copyright Office.

Because the Complaint fails to identify which copyright materials Plaintiff owns, and which materials defendant infringed on, the Complaint fails to contain sufficient factual matter to "state a claim to relief that is plausible on its face." Bell Atlantic Corp v Twombly, 550 US 544, 570 (2007). Thus, the third party subpoena must be quashed..

Dated:  5/27/2019                    Respectfully submitted,

_____
Jonathan C. Do, Esq.

5

PROOF OF SERVICE

      I am employed in Santa Clara County.  My business address is 300 S. First Street, Suite 320, San Jose, California.  I am over the age of 18 years, and am not a party to this within entitled action.  I am readily familiar with the practices of collection and processing of correspondence for mailing with the United States Postal Service.  Such correspondence is deposited with the United States Postal Service in the same day in the ordinary course of business.

      On the date set forth below, I served the foregoing document(s) bearing the title(s):

DEFENDANT JOHN DOE'S MOTION TO QUASH SUBPOENA

by placing true and correct copies thereof enclosed in sealed envelope(s) addressed as follows:

Lincoln Dee Bandlow, Esq
Fox Rothschild LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, CA  90067


[ ] (BY U.S. Mail)   I placed such envelope(s) for collection and mailing on this date following ordinary business practices.

[X] (BY EMail)   lbandlow@foxrothschild.com

I declare under penalty of perjury that the foregoing is true and correct.

   Dated:  5/28/2019

                                      BY:  _____
                                                 Jonathan Do