United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 107.208.9.165,<br><br>    Defendant. | Case No. 19-cv-00723-JCS<br><br>**ORDER DENYING MOTION TO QUASH**<br><br>Re: Dkt. No. 19 |

## I. INTRODUCTION

Plaintiff Strike 3 Holdings, LLC ("Strike 3") brought this action for copyright infringement against Defendant John Doe, whose real name is unknown to Strike 3 and whom Strike 3 has identified only by the IP address 107.208.9.165, which Strike 3 alleges was used to illegally download and share Strike 3's copyrighted pornographic videos over the BitTorrent file sharing protocol. Strike 3 previously sought leave to serve an early subpoena on AT&T, Inc.—the internet service provider (or "ISP") that Strike 3 believes assigned Doe's IP address—to determine the identity of the subscriber to whom the IP address was assigned, and supported that request with evidence that the IP address was assigned by AT&T to a subscriber in Oakland, California and was used to share forty-eight copyrighted works owned by Strike 3. The Court granted that application, with the caveat that "any name or other personal identifying information of any current or proposed defendant shall be filed UNDER SEAL in all filings and not otherwise disclosed." Order Granting Ex Parte Application (dkt. 10) ¶ 9.

Doe, who has not yet been identified or served, now moves to quash the subpoena served on AT&T on the basis that "the right to privacy outweighs [Strike 3's] ungrounded fishing expedition." Mot. (dkt. 19) at 1. Doe relies on a handful of district court decisions declining to

authorize similar subpoenas, as well as a 2011 news article describing a somewhat similar lawsuit by a different plaintiff that named forty-six defendants, including an older woman who maintained that she had not downloaded the videos at issue. *See generally* Mot.; Request for Judicial Notice (dkt. 19-1) Ex. A. Strike 3 opposes the motion, *see* Opp'n (dkt. 22) and Doe did not file a reply brief. The Court finds the matter suitable for resolution without oral argument and VACATES the hearing previously set for July 12, 2019. For the reasons discussed below, Doe's motion is DENIED.

## II. LEGAL STANDARD

While "'the use of "John Doe" to identify a defendant is not favored,' in circumstances 'where the identity of alleged defendants will not be known prior to the filing of a complaint . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Soo Park v. Thompson*, 851 F.3d 910, 928 n.21 (9th Cir. 2017) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642–43 (9th Cir. 1980)); *see also Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1036 (9th Cir. 2018) (characterizing as "a practical solution" the District of Oregon's case management order "allow[ing] copyright holders to seek limited discovery from an Internet Service Provider to establish a potential infringer's identity").

Rule 45 of the Federal Rules of Civil Procedure states that a court must quash a subpoena, upon timely motion, if it "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv). Motions to quash are evaluated in the context of Rule 26, which states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

## III. ANALYSIS

As a starting point, Doe's request for judicial notice of the 2011 article is denied. Even

2

assuming for the sake of argument that the Court could take notice of the article's existence, judicial notice would not be appropriate for the truth of the article's contents. *See, e.g.*, *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (holding that although the district court could take judicial notice of "the fact that [a document] was signed," it erred in taking "judicial notice of disputed facts stated in public records"); *Acasio v. San Mateo County*, No. 14-cv-04689-JSC, 2015 WL 5568345, at *1 n.1 (N.D. Cal. Sept. 22, 2015) ("It is well established that the Court may take judicial notice of records from other proceedings not to credit the truth of the allegations or facts set forth therein, but rather 'for purposes of noticing the existence of the [prior] lawsuit, the claims made in the lawsuit, and the fact that various documents were filed therein.'" (citation omitted)). The 2011 article, which Doe offers for the truth of its reporting, is hearsay not subject to judicial notice. Regardless, even if the Court were to consider the article, it is irrelevant, as it describes claims by a different plaintiff against different defendants, in a type of mass joinder action not permitted by this Court, with no indication that the court there had taken action to protect the privacy of potential defendants comparable to the restrictions in this Court's order granting Strike 3's application to serve a subpoena. *See generally Hard Drive Productions, Inc. v. Does 1–188*, 809 F. Supp. 2d 1150 (N.D. Cal. 2011) (holding joinder of more than one Doe defendant inappropriate in a BitTorrent copyright infringement action), *disapproved on other grounds by Williams v. King*, 875 F.3d 500, 505 (9th Cir. 2017).

    This Court also respectfully disagrees with the decisions on which Doe relies, or concludes that they rest on premises inapplicable to this case. In denying an application for a subpoena, the District Court for the District of Columbia relied heavily on the "defendant's weighty privacy expectation" against "having [their] name and reputation publicly—and permanently—connected to websites like *Tushy* and *Blacked Raw*." *See Strike 3 Holdings, LLC v. Doe*, 351 F. Supp. 3d 160, 164 (D.D.C. 2018), *appeal docketed*, No. 18-7188 (D.C. Cir. Dec. 19, 2018). That decision has been heavily criticized and rarely followed. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 2:18-cv-02637-MCE-CKD, 2019 WL 935390, at *5 (E.D. Cal. Feb. 26, 2019) (citing district court decisions declining to follow the D.C. decision). Here, the Court's order granting Strike 3's application for a subpoena restricts Strike 3's ability to publicly tie any individual to the videos at

3

issue, by prohibiting Strike 3 from publicizing a subscriber's name or other identifying information obtained as a result of its subpoena.[1]

The D.C. court also characterized its holding as limited, given that "the typical [copyright infringement] case does not involve pornography," the copyright eligibility of which is "unsettled in many circuits." *Id.* at 165 & n.5 (citation and internal quotation marks omitted). In the Ninth Circuit, however, pornography's protection under copyright law has been settled for decades. *See Jartech, Inc. v. Clancy*, 666 F.2d 403, 405–06 (9th Cir. 1982). Doe offers no argument in this case why the holder of copyright to pornographic material is less entitled to discovery to identify a purported infringer than the owner of any other work would be. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 18-CV-2648 (VEC), 2019 WL 78987, at *4 (S.D.N.Y. Jan. 2, 2019) (stating that Strike 3's "interest[] in protecting its copyrighted material from infringement . . . is not lessened by the salacious content of the material").

The perhaps closer question is whether the subpoena should be quashed based on the inherent imprecision of an IP address as a means to identify the individual who purportedly infringed Strike 3's copyrights. In affirming dismissal under Rule 12(b)(6), the Ninth Circuit has summarized the limitations of an IP address for such purposes:

> Although copyright owners can often trace infringement of copyrighted material to an IP address, it is not always easy to pinpoint the particular individual or device engaged in the infringement. Internet providers, such as Comcast or AT & T, can go so far as to identify the individual who is registered to a particular IP address (i.e., an account holder) and the physical address associated with the account, but that connection does not mean that the internet subscriber is also the infringer. The reasons are obvious—simply establishing an account does not mean the subscriber is even accessing the internet, and multiple devices can access the internet under the same IP address. Identifying an infringer becomes even more difficult in instances like this one [involving an IP address registered to an adult care home], where numerous people live in and visit a facility that uses the same internet service. While we recognize this obstacle to naming the correct defendant, this complication does not change

---

[1] In another decision that Doe cites as expressing concern about the misuse of a defendants' identities in copyright cases involving pornography, the Southern District of New York in fact *granted* the plaintiff's request for a subpoena, and imposed restrictions on the use of information obtained through the subpoena similar to those in place here. *See Digital Sin, Inc. v. Does 1–176*, 279 F.R.D. 239, 242 (S.D.N.Y. 2012).

4

> the plaintiff's burden to plead factual allegations that create a reasonable inference that the defendant is the infringer.

*Cobbler Nev., LLC v. Gonzales*, 901 F.3d 1142, 1146–47 (9th Cir. 2018); *see also, e.g.*, *Patrick Collins, Inc. v. Doe 1*, 288 F.R.D. 233, 237–39 (E.D.N.Y. 2012) (noting that "even . . . a secured network does not reduce the likelihood . . . that the infringing activity was conducted by a guest, family member, or neighbor who shares the account owner's internet connection").

Although the Ninth Circuit affirmed dismissal in *Cobbler Nevada*, it did not suggest that the district court erred in allowing the plaintiff to take early discovery, including not only a subpoena served on an ISP, but also a deposition of the subscriber to whom the IP address was registered. *See id.* at 1145. District courts examining that decision have held that although an IP address and a subscriber's name alone may be insufficient to state a claim of infringement, *Cobbler Nevada* does not stand for the proposition that subpoenas may not be used to determine a subscriber's name. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 2:18-cv-02637-MCE-CKD, 2019 WL 935390, at *2–3 (E.D. Cal. Feb. 26, 2019); *Strike 3 Holdings, LLC v. Doe*, No. 19-cv-00160-EMC, 2019 WL 591459, at *2 & n.1 (N.D. Cal. Feb. 13, 2019); *Strike 3 Holdings, LLC v. Doe*, No. 4:18-cv-04993-KAW, 2019 WL 468816, at *2 (N.D. Cal. Feb. 6, 2019); *Strike 3 Holdings, LLC v. Doe*, No. 18-CV-2648 (VEC), 2019 WL 78987, at *3 (S.D.N.Y. Jan. 2, 2019). While it may turn out to be the case, as in *Cobbler Nevada*, that the IP address is insufficient to identify the infringer, circumstances might also differ: the subscriber here might live alone and maintain exclusive access to the IP address, or might admit to infringing if asked, or might be able to identify some other person as the infringer. At this stage, the Court need not resolve the minimum connections necessary on a motion to dismiss or at summary judgment to support an inference that a particular individual associated with an IP address used that IP address to infringe Strike 3's copyrights, or whether any further pre-service discovery beyond the subpoena might be warranted and permissible. The Court holds only that it is not so "clear that discovery would not uncover the identit[y]" of the purported infringer that Strike 3's subpoena should be disallowed as futile. *See Soo Park*, 851 F.3d at 928 n.21.

Doe briefly argues that Strike 3 has failed to provide sufficient identifying information of the works purportedly infringed, including "the exact name and title of the copyright work, the

5

registration of the copyright material, including the registration number, with the United States Copyright Office." Mot. at 5. An exhibit to Strike 3's complaint in fact provides the registration number of each work allegedly infringed, which is sufficient for Doe to determine the works' titles using the Copyright Office's public database. *See* Compl. (dkt. 1) Ex. A (column labeled "CRO Number"); U.S. Copyright Office Public Catalog, https://cocatalog.loc.gov/. Doe also cites a case denying leave to serve a subpoena where Strike 3 failed to submit evidence that the IP address at issue was assigned to someone located in the relevant judicial district. *See* Mot. at 4 (citing Request for Judicial Notice Ex. C (*Strike 3 Holdings, LLC v. Doe*, No. 18cv1355-JLS(KSC), 2019 U.S. Dist. LEXIS 48381, at *12 (S.D. Cal. Mar. 22, 2019))). In this case, however, Strike 3 has submitted such evidence in the form of a declaration by its in-house counsel Emilie Kennedy regarding the results of a geolocation search of Doe's IP address. *See* Application (dkt. 8) Ex. E (Kennedy Decl.).

## IV. CONCLUSION

For the reasons discussed above, Doe's motion to quash the subpoena that Strike 3 served on AT&T is DENIED. AT&T shall comply with the subpoena no later than July 23, 2019. The restrictions on the use of personal identifying information imposed by the Court's March 11, 2019 order granting Strike 3's application to serve the subpoena remain in effect.

**IT IS SO ORDERED.**

Dated: July 9, 2019

JOSEPH C. SPERO
Chief Magistrate Judge